UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX BENJAMIN MCQUIN,

    Plaintiff,

v.

MARSHA NURKALA, et al.,

    Defendants.

_____/

Case No. 2:25-cv-18

Hon. Hala Y. Jarbou

## ORDER

    This is a *pro se* prisoner civil rights lawsuit brought under 42 U.S.C. § 1983 against five Michigan Department of Corrections officers, four of whom have been dismissed from the case. The remaining defendant, Marsha Nurkala, now moves for summary judgment, arguing that Plaintiff Alex Benjamin McQuin failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). (ECF No. 15.) Before the Court is Magistrate Judge Sally J. Berens's report and recommendation ("R&R") that the Court deny the motion for summary judgment. (ECF No. 28.) Nurkala has filed objections to the R&R. (ECF No. 29.) For the reasons explained below, the Court will overrule the objections and adopt the R&R.

### I. BACKGROUND

    In October of 2024, McQuin was incarcerated at the Baraga Correctional Facility. (Compl., ECF No. 1, PageID.7–8.) According to his complaint, on October 4, 2024, McQuin got into an argument with "alleged members of a gang." (*Id.*, PageID.8.) These "gang members" told McQuin that Nurkala had "disclosed information" to them that endangered McQuin's well-being. (*Id.*) Although McQuin does not specify the information to which the gang members referred, he separately alleges that Nurkala told the gang members two things about him. First, "Nurkala told

alleged members of a gang about [McQuin's] sexuality." (*Id.*, PageID.11.) Second, Nurkala "made statements to an alleged gang that [McQuin] wrote kites on them." (*Id.*, PageID.16.)

On October 5, 2024, McQuin "assaulted an alleged member of a gang . . . due to threats and harassment about his sexuality." (*Id.*, PageID.8.) McQuin was taken to temporary segregation, where he asked to file a grievance form but "was told no by staff." (*Id.*) McQuin later obtained a grievance form and turned it in to Prison Counselor Stromer on October 21. (*Id.*, PageID.9.) Some time after filing the grievance, McQuin wrote kites to Grievance Coordinator Mayo requesting the identification number for the grievance. (*Id.*) However, Mayo indicated that Stromer had not turned in the grievance. (*Id.*) McQuin alleges that he subsequently resubmitted the grievance. (*Id.*, PageID.23.) Prison records indicate that between October 5, 2024, and January 28, 2025—the date this lawsuit was filed—McQuin did not pursue any grievances through Step III, as is generally required for exhaustion. (*See* Grievance Summ. Report, ECF No. 16-4, PageID.118; MDOC Policy Directive 03.02.130 (eff. date Sep. 25, 2023), ECF No. 16-2.)

## II. ANALYSIS

Under Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Here, the magistrate judge concluded that Nurkala was not entitled to summary judgment because plaintiffs are only required to exhaust *available* remedies, and a remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). Thus, the magistrate judge reasoned that McQuin had created a genuine dispute as to whether prison officials prevented him from exhausting his remedies. Nurkala raises three objections to this conclusion, which the Court will address in turn.

2

First, Nurkala objects that there is no evidence as to whether the October 21 grievance concerned the claims that McQuin now brings against Nurkala. Of course, if the October 21 grievance did not relate to the claims in this lawsuit, the fact that it was thwarted does not excuse McQuin's failure to exhaust his remedies as to those claims. And it is true that McQuin does not specify the contents of the October 21 grievance. But in context, it is reasonable to infer that the grievance concerned the same subject matter as this lawsuit—namely, Nurkala allegedly disclosing McQuin's sexuality to the "gang members" and telling them he had submitted kites. On October 4, gang members told McQuin that Nurkala had revealed information about him; the next day, McQuin had an altercation with those gang members after they made threats related to his sexuality. McQuin then attempted to file a grievance. Given that Nurkala was "the only person who knew" about his sexuality (Compl., PageID.11), it is reasonable to infer that the grievance was about her disclosure of that information. Moreover, in the portion of McQuin's complaint where he refers to Nurkala telling gang members about the kites, he alleges in the following paragraph that Stromer knew about Nurkala's actions and yet thwarted the October 21 grievance. (*Id.*, PageID.16.) This allegation supports the inference that the grievance was about Nurkala and the kite-related disclosures. Drawing all reasonable inferences in McQuin's favor, as the Court must at summary judgment, *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 592 (6th Cir. 2001), McQuin's complaint at least creates an issue of fact as to whether the October 21 grievance concerned his claims in this lawsuit.

Nurkala argues that the Court cannot consider the complaint as evidence at summary judgment because it is not verified. McQuin signed the complaint and "verif[ied] that the above statement and contents . . . are true and correct to the best of my knowledge, information, and belief." (Compl., PageID.20.) He also submitted a signed declaration alongside the complaint

that stated: "I, Alex Benjamin McQuin . . . understand under perjury, that the statement that I'm about to give is the truth . . . In the complaint . . . the Plaintiff swor[e] . . . under oath that he, and all of his words[,] are truthful and compl[y] with the order under perjury." (McQuin Decl., ECF No. 1, PageID.22.)  A signed declaration can qualify as evidence if it is "subscribed by [the declarant], as true under penalty of perjury." 28 U.S.C. § 1746.  However, Nurkala contends that the complaint does not comport with § 1746 because it was attested "to the best of my knowledge, information, and belief."  See *Ondo v. City of Cleveland*, 795 F.3d 597, 604–05 (6th Cir. 2015) (a declaration cannot properly include information that is merely believed by the declarant, rather than within their personal knowledge).  Furthermore, though Nurkala does not make this point, the complaint also does not state that it is signed under penalty of perjury.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) ("Inclusion of the language 'under penalty of perjury' is an integral requirement of [18 U.S.C. § 1746] for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements."); *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) (similar).

Nevertheless, the Court agrees with the magistrate judge that any deficiencies in the way McQuin signed his complaint are rectified by his attached declaration, which does comply with § 1746 (a fact that Nurkala does not contest).  The declaration states that the complaint is true, and thus incorporates the allegations in the complaint as if they were set forth in the declaration.  To the extent that there is some conflict between the two documents—i.e., the declaration says the complaint's allegations are all based on knowledge, while the complaint says some are based on belief—the Court can still consider as evidence any portions of the complaint that are clearly based on knowledge rather than belief.  *See Ondo*, 795 F.3d at 605 ("[W]hen affidavits based on knowledge and belief are submitted to support or oppose a motion for summary judgment, the

district court has discretion to determine whether it can differentiate between knowledge and belief for each averment in the affidavit. If the court can distinguish between the two, then. . . the court should excuse the affiant's stylistic error, and must admit the parts based solely upon personal knowledge, while striking the parts based upon belief.") As discussed above, McQuin's complaint implies that the October 21 grievance concerned Nurkala, and McQuin's understanding of his own grievance obviously comes from personal knowledge. Thus, the Court can rely on the complaint to infer the contents of the grievance.

Second, Nurkala objects that McQuin has not submitted evidence sufficient to create a genuine issue as to whether Stromer prevented him from filing the October 21 grievance. Nurkala points out that McQuin claims he resubmitted that grievance, but he does not claim that the resubmitted grievance was thwarted, and there is no record in his file of any grievance against Nurkala. Thus, Nurkala contends, either the October 21 grievance (and thus the resubmission) was not actually about Nurkala, or McQuin did not in fact resubmit it. However, even though McQuin does not specifically allege it, it is plausible that the resubmitted grievance was thwarted as well. Or perhaps McQuin is misremembering that he resubmitted it, or means something else by "resubmit." Regardless, because McQuin is the non-movant, he merely has to establish an issue of fact as to whether he submitted the October 21 grievance. He has done so with his declaration, regardless of whether that declaration is contradicted by other facts on the record.

Finally, Nurkala argues that McQuin has not presented sufficient evidence as to the existence of the October 21 grievance because he did not submit the "goldenrod" copies of that grievance that he presumably should possess. However, while this fact might go to the credibility of McQuin's assertion that he tried to file the grievance, it does not preclude McQuin from

5

establishing a factual dispute on that issue.  As discussed above, his declaration establishes such a dispute, so his claims against Nurkala survive her motion for summary judgment.

### III. CONCLUSION

For the reasons discussed above, Nurkala has not established that she is entitled to summary judgment on the issue of exhaustion.

Accordingly,

**IT IS ORDERED** that Defendant Nurkala's objections to the R&R (ECF No. 29) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 28) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Nurkala's motion for summary judgment (ECF No. 15) is **DENIED**.

Dated: November 7, 2025                       /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              CHIEF UNITED STATES DISTRICT JUDGE

6